UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN DOE, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 3:25-CV-0057-X |
| § | |
| VICTORIA SERPA, § | |
| § | |
| *Defendant*. § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

On January 14, 2025, Plaintiff John Doe requested an ex parte temporary restraining order (TRO) and preliminary injunction from the Court. (Doc. 10). The Court granted the TRO and ordered Defendant Victoria Serpa to respond by January 23, 2025, as to a preliminary injunction. (Doc. 11). Defendant never appeared, though Doe served her. Therefore, the Court **GRANTS** Doe's motion for a preliminary injunction, converting its prior TRO with little alteration.

## I. Background

This case arises from alleged "revenge porn." Plaintiff John Doe initiated this action against his former girlfriend, Victoria Serpa, after she shared a sexually explicit photo of Doe. The two were romantically involved from May 2023 to March 2024, during which time Doe sent a sexually explicit image of his genitalia to Serpa. Doe moved in with Serpa in May of 2023, at which time he alleges he also left his job to spend more time with her. When the honeymoon period turned sour two months later, Doe moved out and began looking for a new job.

1

A few months later, Doe found his dream job. He connected with an artificial intelligence company that expressed interest in hiring him around May 2024. The job entailed a leadership role, lucrative compensation, equity in the fledgling company, and the opportunity to work with a breakthrough technology. Doe and the company agreed to formalize this offer once the company was ready to initiate sales and marketing activities. The company proceeded to set up a company email for Doe, make hotel reservations in his name, and buy him tickets to attend a future trade show that was intended to coincide with his hiring. It also planned a press release to announce Doe's hiring.

Unfortunately, Doe's new dream job was materializing as his relationship was falling apart. A month after he and Serpa broke up in March 2024, Serpa began sending disparaging statements about Doe to his future employers. She thought the company had already hired Doe, and Doe believes she wanted to get him fired. When the company did not fire Doe, Serpa sent the sexually explicit photo of Doe to one of the company's co-founders, Dan Vencu, through a private message on LinkedIn. Though Doe attended the trade show on behalf of the company, the company never issued its planned press release and ultimately rescinded its offer.

Doe then filed this action and sought a TRO and preliminary injunction.

## II. Legal Standard

Preliminary injunctions serve to preserve the status quo and prevent irreparable harm to the movant so the court can "render a meaningful decision after

a trial on the merits."[1]  If the movant satisfies "the four prerequisites for the extraordinary relief of preliminary injunction," the district court has discretion to grant the relief.[2]  The movant must establish "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not undermine the public interest."[3]

## III.   Analysis

### A.   Doe will likely succeed on the merits.

The first element looks to success on the merits.  Doe brings his claims under 15 U.S.C. § 6851, Texas Civil Practice and Remedies Code chapter 98B, and a common law right to privacy.  To establish likelihood of success on the merits, "the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment."[4]  And to evaluate whether a plaintiff has presented a prima facie case, courts look to the substantive standards supplied by the laws that give rise to the plaintiff's causes of action.[5]

---

[1] *Canal Auth. of Fla. V. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

[2] *Id.*

[3] *Valley v. Rapides Parish School Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997); *see also Winter v. Nat. Res. Def. Couns., Inc.*, 555 U.S. 7, 20 (2008).

[4] *Daniels Health Servs. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013).

[5] *Sunbelt Rentals, Inc. v. Holley*, 2022 U.S. Dist. LEXIS 48309, at 6–7 (N.D. Tex. Mar. 18, 2022) (Godbey, C.J.) (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)).

Doe's first claim arises under 15 U.S.C. § 6851, which provides a right of action to victims of the nonconsensual disclosure of intimate visual depictions, or what is often called "revenge porn":

> an individual whose intimate visual depiction is disclosed, in or affecting interstate or foreign commerce or using any means or facility of interstate or foreign commerce, without the consent of the individual, where such disclosure was made by a person who knows that, or recklessly disregards whether, the individual has not consented to such disclosure.[6]

This right of action allows individuals to pursue damages and equitable relief, "including a temporary restraining order, a preliminary injunction, or a permanent injunction ordering the defendant to cease display or disclosure of the visual depiction."[7]

The Court will walk through each element of the right of action. Under the statute, an "intimate visual depiction" includes "the uncovered genitals," among other things.[8] Doe easily meets this element. In both his own affidavit and Dan Vencu's sworn declaration, the photo at issue is described as depicting an uncovered penis.[9] Doe attached screenshots of Serpa's messages, including the image at issue, to his motion. The messages Serpa sent immediately before the photo of genitalia clearly

---

[6] 15 U.S.C. § 6851(b)(1)(A).

[7] *Id.* § 6851(b)(3)(A).

[8] *Id.* § 6851(a)(5).

[9] Docs. 10-4 at 3, 10-3 at 6.

4

name Doe,[10] so he counts as the "depicted individual" under § 6851 by virtue of "information displayed in connection with the visual depiction."[11]

And when Serpa sent the photo and to Vencu, she disclosed it in or affecting state commerce or using any means or facility of interstate or foreign commerce. The statute defines "disclose" as "to transfer, publish, distribute, or make accessible."[12] Sending the photo via private messaging transfers and distributes it. And sending photographs over the internet "is tantamount to moving [them] across state lines and thus constitutes transportation in interstate commerce."[13]

Doe also states unequivocally in his affidavit that he sent the photo to Serpa "with the understanding that it would remain private" and "did not consent to the disclosure of the sexually explicit photograph to Dan Vencu, and its disclosure was done without [his] knowledge."[14]

The only element left is Serpa's intent or recklessness. While we have no direct evidence of Serpa's mens rea, Doe has provided sufficient evidence to establish Serpa's knowledge that Doe did not consent or disregard of whether he did or not. From the content of the messages Serpa sent to Vencu, she clearly sought to tarnish Doe's reputation in Vencu's eyes.[15] This is the case even if everything she said is

---

[10] Doc. 10-3 at 9–13.

[11] 15 U.S.C. § 6851(a)(3).

[12] 15 U.S.C. § 6851(a)(4).

[13] *U.S. v. Diehl*, 775 F.3d 714, 721 (5th Cir. 2015).

[14] Doc. 10-4 at 1, 3.

[15] Doc. 10-3 at 9–13 (stating Doe "has a terrible reputation in Dallas" and accusing him of numerous crimes and violent incidents).

true.  When the Court considers the messages Serpa sent to Doe on FaceBook, there is certainly sufficient evidence to suggest she knew or disregarded Doe's lack of consent for her to share the photo.[16]

And finally, Doe has alleged sufficient harm: he states that he lost the chance to work in his dream job, experienced emotional distress, and continues to suffer reputational damage.  Therefore, Doe succeeds on the likelihood of the merits of his § 6851 claim.  Because this claim confers an express right to a preliminary injunction, the Court does not need to continue to his state and common law claims.  Doe satisfies the first element.

**B.   There is a substantial threat Doe will suffer irreparable harm.**

Doe must next establish that he will suffer irreparable harm without a preliminary injunction.  An injury is irreparable "if it cannot be undone through monetary remedies."[17]  And the plaintiff must have more than an unfounded fear of harm.[18]  Here, Doe alleges harm in the loss of his lucrative prospective job, "severe emotional distress, humiliation, anxiety, and damage to [his] professional reputation."[19]

Elsewhere, courts have considered the threat of further dissemination of sexually explicit images to constitute irreparable harm because of the images'

---

[16] Doc. 10-4 at 7–9 ("I[']m now going to intrude into your life.  You'll be sorry! . . . . Your boss has the penis pictures now.  You [n]eed to grow up and act like a grown man.").

[17] *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir.).

[18] *Kidd v. Dir. Fed. Bureau Prisons*, 2020 WL 759298, at *4 (N.D. Tex. Feb. 14, 2020) (Kacsmaryk, J.) (citing *Holland v. Am. Ins. Co. v. Succession of Roy*, 77 F.2d 992, 997 (5th Cir. 1985)).

[19] Doc. 10-4 at 5.

uniquely sensitive nature.[20]  Doe stated in his affidavit that he "fears further actions" from Serpa, "particularly if she learns of this lawsuit."[21]  Based on Serpa's FaceBook messages that Doe attached, the Court agrees that it is likely she may further disseminate the image she has in attempts to "intrude into [his] life" and make him "sorry."[22]  Though the Court held no evidentiary hearing for Doe to expound on these harms, Doe's motion is unopposed and the Court finds his showing of irreparable harm sufficient.

### C. Doe's threatened injury outweighs any harm a preliminary injunction would cause Serpa.

For the third element, the Court weighs the harm Doe faces without a preliminary injunction against the harm the injunction would cause to Serpa.  This balance of equities weighs strongly in favor of Doe—even more so because Serpa failed to appear and defend her potential interest.  Doe seeks only to enjoin Serpa from further disclosing the sexually explicit image of him she possesses.  A preliminary injunction would ask nothing more of her than that she comply with the

---

[20] *E.g. Doe v. Constant*, 2024 WL 3512136, at *3 (W.D. La. July 23, 2024) (finding irreparable harm when "Defendant;[was] continuing to attempt to engage Plaintiff without her consent and is likely to escalate to further disclosure of her intimate visual depictions in the future"); *S.S. v. Collins*, 2020 WL 3594350, at *7 (D.N.J. July 31, 2024) (finding irreparable injury when an ex-girlfriend's repeated harassment of Plaintiff "pose[d] an imminent risk of continued dissemination of Plaintiff's images and videos"); *Doe v. Unknown Party*, 2024 WL 492231, at *3 (D. Ariz. Feb. 7, 2024) ("[A]bsent emergency relief, there is an imminent risk of [Defendant]'s further nonconsensual disclosure of Plaintiffs' intimate visual depictions. The harms Plaintiffs allege from these disclosures—such as emotional distress—are the type of harms that lack an adequate legal remedy.").

[21] Doc. 10-4 at 5.

[22] Doc. 10-4 at 7.

law.  Further dissemination of the image would serve no lawful purpose, and Serpa will not be harmed for refraining from doing so.[23]

### D. A preliminary injunction would not undermine the public interest.

And finally, a preliminary injunction prohibiting Serpa from distributing sexually explicit images will do no harm to the public interest.  For one thing, the statute under which Doe sues expressly contemplates the issuance of preliminary injunctions.[24]

In the event Serpa was honestly warning members of the public about a dangerous man's hidden past through LinkedIn communiqués, this preliminary injunction will not stop her.  It merely prohibits her from distributing the image.  Indeed, rather than harm the public interest, this preliminary injunction upholds protections the federal and state governments expressly provide by law and protects both Doe's privacy and dignity and that of unsuspecting users of LinkedIn who would prefer their inboxes free of penis pics.

## IV. Conclusion

The Court **GRANTS** Doe's motion for a preliminary injunction.  As a result, Serpa is **RESTRAINED** from directly or indirectly disclosing any sexually explicit images or videos depicting John Doe; continuing to display or disclose any sexually explicit images or videos of John Doe; destroying any evidence proving any prior

---

[23] *Constant*, 2024 WL 3512136, at *4 ("The Court can see no harm to Defendant in foregoing further distribution or display of Plaintiff's intimate photographs. On the converse, the Court can foresee a great deal of harm to Plaintiff should intimate visual images of her continue to be disseminated. Accordingly, the balance of equities weighs heavily in favor of an injunction.").

[24] 15 U.S.C. § 6851(b)(3)(A)(ii).

disclosure; and disclosing John Doe's identity to anyone without permission from the Court.

Further, the Court once again **ORDERS** Doe to serve this Court's order to Serpa within 48 hours of the date of this order. Doe must file proof of service with the Court.

**IT IS SO ORDERED** this 29th day of January, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE