IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § § | Civil Action No. 3:25-CV-00057-X |
| VICTORIA SERPA | § § § | |
| *Defendant*. | § | |

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

Defendant Victoria Serpa files this response to Plaintiff's Motion for Leave to Proceed under a Pseudonym (Dkt. 8, hereinafter, the "Motion"), and would respectfully show the Court as follows:

#### I. Background

1. Texas has a strong public policy in favor of openness in court proceedings. Namely, the Texas Constitution specifically states that "[a]ll courts shall be open…" TEX. CONST., ART. I, § 13. This policy is further written into the Federal Rules of Civil Procedure, which provides that the title of the complaint must name all parties to ensure the transparency and openness of judicial proceedings. Fed. R. Civ. P. 10(a).

2. Plaintiff is presumably embarrassed by the conduct he engaged in, but (a) he has no qualms readily identifying Defendant by name, prominently listing her residential address, (b) he has implemented a publicity campaign to promote the lawsuit, which has now been published in various websites, including disseminating irrelevant information regarding Defendant's

finances, prior work history, and the vehicle she drives[1] in an apparent attempt to gain some sort of tactical advantage in this lawsuit and/or disparage Defendant's reputation, and (c) since the filing of this lawsuit, sent this article to Defendant's employer and tried to derail the sale of her business in an effort to negatively affect her personal and professional life.[2] Thus, Plaintiff seeks to improperly use his pseudonym as both a sword and a shield by hiding behind it.

3.  Importantly, Defendant disputes that Plaintiff is a victim, but rather, asserts that she is the victim of Plaintiff. After Defendant broke up with Plaintiff, he began stalking and harassing Defendant. For example, Plaintiff would wait outside of Defendant's residence to stalk her, show up to her dates with other individuals, broke into her home and committed other acts that required multiple police interventions, and physically and verbally assaulted her causing Defendant to fear for the safety of her life. Defendant repeatedly pleaded for Plaintiff to leave her alone, but Plaintiff persisted. Defendant intends to file counterclaims against Plaintiff for violations of state and/or federal anti-stalking statutes, in which case Defendant would need to identify Plaintiff and he would not be entitled to the protections of anonymity in such proceedings.

4.  Moreover, Defendant disputes the photograph Plaintiff sent to her was at her request or that its dissemination was limited to Defendant. Instead, Defendant asserts that after they had broken up, Plaintiff sent this unrequested photograph to her without her consent. As such, Plaintiff violated Texas Penal Code § 21.19 by knowingly sending a photograph of exposed male genitals via electronic means to Defendant without her consent. Because the photograph was not sent at Defendant's request, and she had never consented to receiving such lewd material from Plaintiff, Defendant posits that Plaintiff did not have a reasonable expectation of privacy. This is

---

[1] https://www.the-independent.com/news/world/americas/tech-exec-revenge-porn-ai-b2687194.html A copy of the article is being included as "Exhibit A."

[2] *See* Declaration of Victoria Serpa attached hereto as "Exhibit B."

especially so, given that his sending of the photograph to Defendant was, in and of itself, criminal conduct. Based upon information and belief, Plaintiff has also sent the same or similar photograph of male genitalia to other women without their consent.[3] As such, Defendant asserts that Plaintiff did not have a reasonable expectation of privacy over this photograph.

5. Now, however, Plaintiff seeks to hide his identity to hinder Defendant's ability to conduct discovery or speak with witnesses regarding Plaintiff and his behavior while, at the same time, weaponizing this lawsuit to try and affect Defendant's personal and professional life. As explained further below, Plaintiff has not demonstrated any need to proceed anonymously and circumvent the clear judicial policy for openness to the public. Defendant respectfully asks the Court to deny Plaintiff's motion to proceed under a pseudonym. In doing so, Defendant asks that the Court order Plaintiff to file an amended complaint under his legal name.

## II. Argument and Authorities

A. **Standard to proceed under pseudonym**

6. Courts typically apply a presumption ***against*** the use of pseudonyms. *See Doe v. Univ. of the Incarnate Word*, No. SA-19-CV-957-XR, 2019 WL 6727875, at *3 (W.D. Tex. Dec. 10, 2019). In *Doe v. Stegall*, the Fifth Circuit emphasized that there is no "hard and fast formula" for deciding whether a party may sue anonymously. 653 F.2d 180, 186 (5th Cir. 1981). Thus, the court must balance the need to maintain a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings. The factors identified by Plaintiff are (1) whether the party seeking anonymity is challenging governmental activity, (2) whether court proceedings would compel Plaintiff to disclose information of the utmost intimacy, and (3) whether the party would be compelled to admit her intention to engage in illegal conduct,

---

[3] *See Ex. B*, and *Ex. B-1*.

thereby risking criminal prosecution. (Motion at 3).[4] *See also Stegall*, 653 F.2d at 185. While 15 U.S.C. § 6851 does state that that a "court *may* grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym," it does not state that a pseudonym is mandatory or that the court disregards the analysis of whether the factors are in favor of anonymity. *See* 15 U.S.C. § 6851 (emphasis added).

7. Other courts have outlined other factors. For example, the Fourth Circuit compiled a list of factors from courts across the country in *James v. Jacobson*. 6 F.3d 233, 238 (4th Cir. 1993). In doing so, the *James* court effectively created a balancing test on the following non-exhaustive factors:

(i). Whether the party requesting anonymity is doing so merely to avoid annoyance and criticism that may be associated with litigation;
(ii). Whether the motivation for anonymity relates to the preservation of privacy in "a matter of sensitive and highly personal nature;"
(iii). Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties;
(iv). Whether the age of the requesting party weighs in favor of anonymity;
(v). Whether the action is against a governmental or private party;
(vi). Whether there is a risk of unfairness to the opposing party.

*See id*; *see also America Online, Inc. v. Anonymous Publicly Traded Co.*, 542 S.W.2d 377, 384 (Va. 2001).

8. In applying these principals, "courts must consider the entirety of the circumstances, all while balancing 'considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Univ. of the Incarnate Word*, No. SA-19-CV-957-XR, 2019 WL 6727875, at *3 (W.D. Tex. Dec. 10, 2019) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011)); *see also Doe v. Del Rio*, 241 F.R.D. 154, 157 (S.D. NY 2006) (federal courts seek to

---

[4] According to Plaintiff, only the second factor is implicated.

"balance the plaintiff's right to privacy and security against the dual concerns of (1) the public interest in identification of litigants and (2) the harm to the defendants stemming from suppression of plaintiff's name.").

**B.   The Factors weigh against anonymity**.

9.   In the present matter, the factors outlined by the Fifth Circuit are in favor of *removing* Plaintiff's anonymity. Here, Plaintiff asserts that only the second factor is at issue— whether court proceedings would compel Plaintiff to disclose information of the utmost intimacy. Plaintiff argues that if his identity were disclosed, "he would face an *increased risk of further dissemination* of the sexually explicit image and exposure to additional embarrassment, harassment, and emotional distress" (Motion at 6). However, there is no credible evidence that the photograph would be further disseminated if his name became known. Additionally, the Court has enjoined Defendant from disseminating the photograph, and the photograph itself was filed under seal. As such, there is no increased risk of further dissemination if Plaintiff proceeds under his real name. And if the photograph needed to be submitted as evidence, the Parties could continue to file the photograph under seal to protect Plaintiff's privacy.

10.   The delay in seeking injunctive relief evidences that there is no risk of additional dissemination. Plaintiff learned of the alleged May 2024 disclosure on June 5, 2024. (Dkt. 7-2, ¶ 25). If the threat of harm was so imminent, there is no explanation of why he waited approximately 7 months to seek an injunction and there is no explanation in John Doe's affidavit for the delay in seeking injunctive relief. Further, there is no allegation that any other disclosure has been made, and there is no credible evidence that the photograph would be further disseminated if Plaintiff's name became known. If Plaintiff is claiming that Defendant would disseminate it if his identity became known, he has adequate protections given that the Court has issued an order enjoining

distribution of such material. (*See* Dkt. 14). As such, Plaintiff has not identified any reason why anyone would likely disseminate the photograph if Plaintiff's identity became known. At most, these allegations constitute a possibility of harm, but they are insufficient to show a substantial threat of irreparable harm.[5]

11.    Moreover, if Plaintiff's concern is the republishing of the photograph in this lawsuit, this would be without merit given the Parties can submit such evidence under seal. Thus, there is no credible argument that Plaintiff would be irreparably harmed by bringing this lawsuit in his own name.

12.    Instead, the allegations that Plaintiff has made place Plaintiff's identity and reputation directly at issue. Plaintiff alleges that because his prospective employer received the photograph, Plaintiff lost his prospective job and suffered lost earnings and loss of future earning capacity. This places Plaintiff's work history at issue, which will require conducting discovery on Plaintiff's prior and current employment. (*See* Dkt. 1, at Section VI, page 12) Additionally, Plaintiff is alleging damage to his reputation as a category of damages, which directly places his reputation with those that know him at issue. (*See id*). Without the ability to disclose Plaintiff's identity or reference him by name, Defendant's counsel would be unfairly prejudiced by being unable to speak to any witnesses with knowledge, issue subpoenas for records, or generally conduct discovery or build her defenses against Plaintiff's claims.

13.    Thus, the constitutionally embedded presumption of openness, the public interest in the identity of the individuals involved in this litigation, and the ability to conduct open

---

[5] It should be noted that the photograph was not posted to a public page, like Facebook or Twitter, but to a private message. Specifically, Defendant's communication at issue was sent to Plaintiff's prospective employer to let them know that they were about to hire someone who had a history of sending unwanted sexual photographs to women. This recipient already knows about Plaintiff's identity and the subject lawsuit given they wrote an affidavit at Plaintiff's request in this lawsuit

discovery on the claims being asserted should override Plaintiff's privacy.

i. <u>Other Factors also weigh against anonymity.</u>

14. As mentioned above, the Fifth Circuit noted the list of factors for determining whether a plaintiff can proceed anonymously is non-exhaustive. As such, the factors considered by other courts is informative. Of the factors outlined by the *James* Court, factors 1, 3, 4, 5 and 6 are in favor of *lifting* Plaintiff's anonymity. *See James,* 6 F.3d at 238 The only factor that is in favor of Plaintiff's anonymity is that this case involves "a matter of sensitive and highly personal nature." *See id*.

15. The first and third factors ask whether the anonymity would merely prevent annoyance or criticism associated with litigation, and whether the identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties. Here, the identification of Plaintiff would be just for purposes of simply avoiding the annoyance or criticism associated with the lawsuit (which were of his own making given his unsolicited distribution of intimate images to Defendant and others). It does not pose a risk of retaliatory harm to him or an innocent third party. Specifically, the damage that Plaintiff alleges has already occurred (the photograph being sent to his prospective employer, and his claim this caused him to lose his job). Further, Plaintiff's claim that the photograph will be further disseminated if he is identified in this lawsuit is meritless given the Court has already enjoined any dissemination of this material, and the photograph was never posted by Defendant in a public page (but instead to a private message, which does not carry the risk that another third party will come upon the photograph and re-post it). Further, even if there was a risk of dissemination—which is not apparent—the photograph, which is already under seal, does not depict Plaintiff's face. Meaning that without Plaintiff identifying this photograph as belonging to him, there is nothing to associate him to the

photograph.[6] As such, his anonymity would serve only to avoid annoyance and criticism, and would not subject plaintiff or anyone else to risk of retaliatory harm. As such, the first and third factors weigh against anonymity.

16. The fourth factor asks whether the age of the requesting party weighs in favor of anonymity. Given that Plaintiff is an adult, this factor weighs against anonymity.

17. The fifth factor asks whether the action is against a governmental or private party. Given that Plaintiff's claims are against an individual and not the government, this factor also weighs against anonymity.

18. Finally, the sixth factor weighs heavily against permitting Plaintiff to proceed anonymously because Defendant would be severely prejudiced by Plaintiff's anonymity. At the outset, Plaintiff concedes that a plaintiff should not be permitted to proceed anonymously if doing so would unfairly prejudice the defendant. (Motion at 4). However, he claims—without explanation—that Defendant would not be unfairly prejudiced. This is not true. Plaintiff's use of a pseudonym is improperly being used as a sword and shield. He claims that anonymity would protect his privacy, but at the same time, he has tried to weaponize this lawsuit to adversely affect Defendant's life. For example, Defendant appears to have begun a media campaign to pick up this story. *See Ex. A*. Plaintiff has now also sent copies of the article to Defendant's employer, which Defendant believes was done in the hopes of getting her fired. [*See Ex. B*]. Further, while Defendant was in the process of selling her business, Plaintiff discovered the name of the prospective buyer and attempted to interfere in the sale by falsely claiming that he worked for the business and that he had inside knowledge on the books in the hopes of causing the sale to fall

---

[6] Defendant would note that the documents which include the photograph at issue have been filed under seal, and as such, are not part of the public record. Defendants are also not seeking for these documents to be unsealed. As such, there is no risk to Plaintiff of further dissemination. While Plaintiff may be embarrassed about having sent such photograph, this—without more—is not sufficient to proceed this entire lawsuit anonymously.

through. [*See Ex. B, and Ex. B-3*]. As such, Plaintiff is weaponizing this lawsuit but attempting to do so with the protections of his anonymity. The Court should prevent this.

19. Allowing Plaintiff to proceed with anonymity would unfairly prejudice Defendant's ability to defend herself against his allegations and pursue counterclaims. For example, Defendant could not speak with individuals with knowledge of Plaintiff's employment history or his reputation (to gather information regarding his purported damages claims). She could also not issue subpoenas for relevant discovery before first moving for leave from the Court to obtain such discovery or to permit her to speak with any individuals. All of this would unfairly prejudice Defendant because they would have to show their hand regarding any potential theory of defense that they would like to potentially develop. Moreover, a defense asserted by Defendant is that Plaintiff sent an unrequested sexually explicit photograph to Defendant without her consent, and that he has a history of sending unwanted sexually explicit photographs to other women without their consent. As such, Defendant asserts that Plaintiff's behavior was wrongful and directly contradicts his claim of a reasonable expectation of privacy regarding the photograph.

20. Because of Plaintiff's actions, Defendant is going to assert her own counterclaims regarding his wrongful actions such as stalking and harassing Defendant. For these claims, Defendant would be the victim of Plaintiff, and his identity would not be protected in this situation (just as Plaintiff did not afford Defendant anonymity when he filed this suit). Therefore, because proceeding under a pseudonym would unfairly prejudice Defendant, the Court should deny Plaintiff's Motion.

# III.
# PRAYER

Defendant prays the Court deny Plaintiff's Motion for Leave to Proceed under a Pseudonym, and order Plaintiff to file an amended complaint using his name. Defendant further requests any other further relief, legal and equitable, that Defendant may be entitled.

Respectfully submitted,

**MAYER LLP**
750 North Saint Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900

By: /s/ Robert L. Rickman
Robert L. Rickman
State Bar No. 24013400
E-Mail: rrickman@mayerllp.com
Zachary T. Mayer
State Bar No. 24013118
E-Mail: zmayer@mayerllp.com
Wade L. McClure
State Bar No. 13428700
E-Mail: wcclure@mayerllp.com
G. Adrian Galvan
State Bar No. 24108601
agalvan@mayerllp.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

  The undersigned does hereby certify that on February 26, 2025, the foregoing was electronically filed, as required by the United States District Court for the Northern District of Texas, using the Court's CM/ECF filing system, which will provide notice and a copy of this document, with attachments, to the following, who are indicated to be registered ECF filers in the United States District Court for the Northern District of Texas:

| | |
|---|---|
| Kenton J. Hutcherson, Esq.<br>HUTCHERSON LAW PLLC<br>3400 Oak Grove Avenue, Suite 350<br>Dallas, Texas 75204<br>kjh@hutchersonlaw.com<br><br>*Counsel for Plaintiff* | ☐ E-MAIL<br>☐ HAND DELIVERY<br>☐ FACSIMILE<br>☐ OVERNIGHT MAIL<br>☐ REGULAR, FIRST-CLASS MAIL<br>☒ CM/ECF<br>☐ CERTIFIED MAIL/RETURN RECEIPT REQUESTED |

            */s/ Robert L. Rickman*
            Robert L. Rickman