UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN DOE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:25-CV-0057-X |
| | § | |
| VICTORIA SERPA, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff John Doe's amended motion for leave to file documents under seal (Doc. 12) and motion for leave to proceed under a pseudonym (Doc. 8). The Court has analyzed the proposed sealed documents line-by-line and page-by-page, weighing the public's right of access against the interests favoring nondisclosure. After reviewing the motions, the Court **GRANTS IN PART** the motion to seal as to Doc. 7-1 (Doc. 12), and **DENIES** the motion to proceed under a pseudonym (Doc. 8).

## I.      Background

This case arises from alleged "revenge porn." Plaintiff John Doe initiated this action against his former girlfriend, Victoria Serpa, after she disseminated a sexually explicit photo of him. The two were romantically involved from May 2023 to March 2024. Doe moved in with Serpa in May of 2023, at which time he alleges he also left his job to spend more time with her. When the honeymoon turned sour two months later, Doe moved out and began looking for a new job. Doe alleges that Serpa

requested the explicit photo of him during the course of their relationship, but Serpa contends Doe sent her the photo unsolicited after they broke up.

A few months later, Doe found his dream job. He connected with an artificial intelligence company that expressed interest in hiring him around May 2024. The job entailed a leadership role, lucrative compensation, equity in the fledgling company, and the opportunity to work with a breakthrough technology. Doe and the company agreed to formalize this offer once the company was ready to initiate sales and marketing activities. But the company did proceed to set up a company email for Doe, make hotel reservations in his name, and buy him tickets to attend a future trade show that was intended to coincide with his hiring. It also planned a press release to announce Doe's hiring.

Unfortunately, Doe's new dream job was materializing as his relationship was falling apart. A month after he and Serpa broke up in March 2024, Serpa began sending disparaging statements about Doe to his future employers. Doe alleges Serpa thought the thought the company had already hired Doe and that she wanted to get him fired. When the company did not fire Doe, Serpa sent the sexually explicit photo of Doe to one of the company's co-founders, Dan Vencu, through a private message on LinkedIn. Though Doe attended the trade show on behalf of the company, the company never issued its planned press release and ultimately rescinded its offer.

Doe then filed this action and sought a temporary restraining order and preliminary injunction against the photo's further dissemination, which the Court

granted. Serpa now claims Doe is using this lawsuit similarly to the way he claims she used the photo: to sabotage her business and exact revenge.

## II.    Doe's Amended Motion for Leave to File Under Seal (Doc. 12)

The Court takes very seriously its duty to protect the public's access to judicial records.[1] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[2] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[3] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[4] If the Court seals information, it must give sufficient reasons to allow for appellate review.[5] Finally, "[p]ublicly available information cannot be sealed."[6]

Doe seeks to redact information in the declaration and affidavit supporting his motion for a temporary restraining order and preliminary injunction at Doc. 7. His proposed redactions are extremely minimal: he seeks only to redact his real name and

---

[1] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

[2] *June Med. Servs. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022).

[3] *Id.*

[4] *Id.* (cleaned up).

[5] *Binh Hoa Le*, 990 F.3d at 419.

[6] *June Med. Servs.*, 22 F.4th at 520.

3

the photo depicting his genitalia, and he provided the Court citations for each of the instances this information appears in the unredacted version.

The nature of the harm on which Doe sues relates to the disclosure of this very photo in connection with his name. Though the public has a presumptive right to view the dockets of its federal courts, the sensitive nature of the photo and the harm it would cause Doe if made public outweigh that right in this case. Therefore, the Court will maintain the photo under seal, but the Court disagrees that both the photo and Doe's name must be redacted to protect Doe's interests.

The motion's facts were verified in a declaration of a person with personal knowledge. As such, the Court orders that Doc. 7-1 remain under seal but Doc. 7-2 be unsealed. The redacted version of Doc. 7-1 is already on file as attachment 3 to Doc. 10. As such, the Court **GRANTS IN PART** Doe's motion for leave to file under seal the declaration supporting his motion for a temporary restraining order and preliminary injunction (Doc. 12).

### III.    Doe's Motion to Proceed under a Pseudonym (Doc. 8)

Doe also seeks leave of the Court to continue proceeding under the pseudonym "John Doe" and requests entry of a protective order preventing any party from publishing his name. Serpa objects, arguing that Doe has improperly hidden behind the shield of anonymity to expose her alone. As evidence, Serpa attaches an article that names her but uses a pseudonym for Doe.

Rule 17 of the Federal Rules of Civil Procedure requires civil actions "be prosecuted in the name of the real party in interest."[7]  As explained above, transparency is a fundamental quality of our legal system, and this applies in equal force to the identities of the parties.  "Public access to this information is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings."[8]  But sometimes, situations are sufficiently sensitive that "the need for party anonymity overwhelms the presumption of disclosure mandated by procedural custom."[9]

Though there is no rigid test or list of prerequisites, the Court undertakes a "balancing of considerations" to determine whether the need for anonymity prevails.[10] The Fifth Circuit has outlined three such considerations courts should consider: "(1) whether the plaintiff is challenging governmental activity; (2) whether the case requires disclosure of information that is of the utmost intimacy; and (3) whether the case may result in the admission of the plaintiff's intention to engage in illegal conduct."[11]  The Court should also consider the age of the plaintiff—i.e. whether he is a minor— and whether he may face "harassment [or] perhaps even violent reprisals" if his identity is public.[12]

---

[7] Fed. R. Civ. P. 17(a)(1).

[8] *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981).

[9] *Id.*

[10] *Id.*

[11] *Id.* (cleaned up).

[12] *Id.* at 186.

In Doe's case, this Court agrees that he has revealed information of the utmost intimacy by way of the nude photo.  But Doe does not challenge government action, nor is he a minor or especially vulnerable party.  The facts as Doe has pled them do not reveal any intention to engage in illegal conduct, nor do they suggest he will face harassment or violence from the public.

Doe claims he will suffer further damage if his name is publicized on the docket alongside the sensitive photo, and the Court agrees.  But sealing the photo and issuing an injunction against its dissemination—both of which the Court has done—are sufficient protection.  Though the Court has discretion to grant injunctive relief maintaining the confidentiality of a plaintiff using a pseudonym" in cases brought under 15 U.S.C. § 6851, the Court will not exercise that discretion in this case given the facts the parties allege.[13]

Therefore, the Court **DENIES** Doe's motion to proceed under a pseudonym.

## IV.    Conclusion

The Court **GRANTS IN PART** Doe's amended motion for leave to file under seal (Doc. 12) and **FINDS AS MOOT** Doe's original motion (Doc. 7).  Moreover, the Court **ORDERS** Doc. 7-1 to remain under seal but **INSTRUCTS** the Clerk of Court to unseal the rest of Doc. 7.[14]  Doe has already filed a redacted version of Dan Vencu's declaration,[15] so the Court **INSTRUCTS** the Clerk of Court to unseal Doc. 10 and its

---

[13] 15 U.S.C. § 6851(b)(3)(B).

[14] The redacted version of Doc. 398-3 is already filed on the public record as an attachment to Doc. 407.

[15] Docs. 10-3 & 10-4.

attachments.  The Court's instructions are the result of a page-by-page, line-by-line analysis.  Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[16]

Further, the Court **DENIES** Doe's motion to proceed under a pseudonym and for entry of a protective order to shield his identity (Doc. 8).  The protection of maintaining the photo under seal is sufficient to prevent further harm to Doe.

**IT IS SO ORDERED** this the 1st day of April, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[16] *June Med. Servs.*, 22 F.4th at 521.