IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL KEVIN HARGROVE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:25-cv-00057-X |
| VICTORIA SERPA, | § § § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL ANSWER TO DEFENDANT'S COUNTERCLAIMS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff/Counter-Defendant Michael Kevin Hargrove, formerly identified in this case as "John Doe," by and through his undersigned counsel, respectfully files this his Original Answer to Defendant/Counter-Plaintiff Victoria Serpa's Counterclaims, which appear beginning with paragraph 84 of Defendant/Counter-Defendant's Second Amended Original Answer to Plaintiffs' Original Complaint and Defendant's Original Counterclaims [ECF No. 35], as follows:

**VII.**

**DEFENDANT'S COUNTERCLAIMS**

84. Counter-Defendant admits in part and denies in part the allegations of paragraph 84. Counter-Defendant admits that he began dating Counter-Plaintiff in early 2023 and that after some time he moved into Counter-Plaintiff's home. Counter-Defendant denies that shortly after moving into Counter-Plaintiff's home that he began to exhibit aggressive, manipulative, and controlling behavior towards Counter-Plaintiff. Counter-Defendant denies that he would monitor Counter-Plaintiff's movements, objected to Counter-Plaintiff spending time with her friends, and tried to control who Counter-Plaintiff could see. Counter-Defendant admits that he quit his job

after he began dating Counter-Plaintiff, but denies any suggestion that this was to obtain financial support from Counter-Plaintiff. Counter-Plaintiff urged and pressured Counter-Defendant to quit his job and promised to provide Counter-Defendant with financial support.

85. Counter-Defendant denies the allegations of paragraph 85.

86. Counter-Defendant denies the allegations of paragraph 86.

87. Counter-Defendant admits in part and denies in part the allegations of paragraph 87. Counter-Defendant admits that after July 25, 2023, he left Counter-Plaintiff's home. Counter Defendant admits that he modified and altered Counter-Plaintiff's patio, but he did so upon Counter-Plaintiff's request. Counter-Defendant denies all other allegations of paragraph 87.

88. Counter-Defendant admits in part and denies in part the allegations of paragraph 88. Counter-Defendant admits that he went to Counter-Plaintiff's residence in August 2023, but he did so at Counter-Plaintiff's request. Counter-Defendant denies all other allegations of paragraph 88.

89. Counter-Defendant denies the allegations of paragraph 89.

90. Counter-Defendant denies the allegations of paragraph 90.

91. Counter-Defendant admits in part and denies in part the allegations of paragraph 91. Counter-Defendant admits that he sent Counter-Plaintiff a sexually explicit photograph within the context of a consensual romantic relationship and at the specific request of Counter-Plaintiff. Counter-Defendant denies all other allegations of paragraph 91.

92. Counter-Defendant denies the allegations in the first sentence of paragraph 92. Counter-Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 92. However, Counter-Defendant denies that

his behavior warranted any precautions by the employees of the residence building where Counter-Plaintiff was living.

93. Counter-Defendant denies the allegations of paragraph 93.

94. Counter-Defendant denies the allegations of paragraph 94, with the exception of noting that he lacks knowledge or information sufficient to form a belief about the truth of the allegation that "Other individuals reported to Counter-Plaintiff that they were concerned about what Counter-Defendant would do to her."

95. Counter-Defendant admits in part and denies in part the allegations of paragraph 95. Counter-Defendant admits that at one point he told Counter-Defendant that he had been diagnosed with cancer in the past. However, Counter-Defendant denies that he did so on or about December 3, 2023 and that he implied to Counter-Plaintiff that his time would be limited.

96. Counter-Defendant denies the allegations of paragraph 96.

97. Counter-Defendant denies the allegations of paragraph 97.

98. Counter-Defendant denies the allegations of paragraph 98.

99. Counter-Defendant admits that he sought to bring this lawsuit under a pseudonym, but denies all of the other allegations of paragraph 99.

100. Counter-Defendant denies the allegations of paragraph 100. Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

**A. Count One: Stalking and Harassing Behavior, Tex. Civ. Prac. & Rem. Code § 85.001 et seq.**

101. The allegations in Paragraph 101 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent this paragraph incorporates prior factual assertions, Counter-Defendant denies same.

102. The allegations in Paragraph 102 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 102 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

103. The allegations in Paragraph 103 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 103 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

104. The allegations in Paragraph 104 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 104 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein. Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

**B. Count Two: Assault and Battery**

105. The allegations in Paragraph 105 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent this paragraph incorporates prior factual assertions, Counter-Defendant denies same.

106. The allegations in Paragraph 106 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 106 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein. Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

**C. Count Three: False Imprisonment**

107. The allegations in Paragraph 107 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent this paragraph incorporates prior factual assertions, Counter-Defendant denies same.

108.	The allegations in Paragraph 108 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent the allegations in Paragraph 108 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.  Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

**D. Count Four: Intentional Infliction of Emotional Distress**

109.	The allegations in Paragraph 109 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent this paragraph incorporates prior factual assertions, Counter-Defendant denies same.

110.	The allegations in Paragraph 110 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent the allegations in Paragraph 110 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

111.	The allegations in Paragraph 111 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent the allegations in Paragraph 111 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

112.	The allegations in Paragraph 112 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent the allegations in Paragraph 112 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.  Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

113.	The allegations in Paragraph 113 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent the allegations in Paragraph 113 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

**E.  Count Five: Trespass to Real and Personal Property, and Damage to Property.**

114.  The allegations in Paragraph 114 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent this paragraph incorporates prior factual assertions, Counter-Defendant denies same.

115.  The allegations in Paragraph 115 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent the allegations in Paragraph 115 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

116.  The allegations in Paragraph 116 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent the allegations in Paragraph 116 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

117.  The allegations in Paragraph 117 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent the allegations in Paragraph 117 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein. Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

**F.  Count Six: Unauthorized Access to a Protected Computer, Network, or Computer System in Violation of CFAA, 18 U.S.C. 1030(e)(2)(B).**

118.  The allegations in Paragraph 118 relate to legal questions to which no responsive pleading is required.  Nevertheless, to the extent this paragraph incorporates prior factual assertions, Counter-Defendant denies same.

119.  The allegations in Paragraph 119 relate to legal questions to which no responsive pleading is required.

120. The allegations in Paragraph 120 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 120 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

121. The allegations in Paragraph 121 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 121 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

122. The allegations in Paragraph 122 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 122 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein. Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

123. The allegations in Paragraph 123 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 123 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein. Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

**G. Count Seven: HACA Unauthorized Access to a Computer, Computer Network, or Computer System, Tex. Penal Code § 33.02(a) & Tex. Civ. Prac. & Rem. Code § 143.001.**

124. The allegations in Paragraph 124 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent this paragraph incorporates prior factual assertions, Counter-Defendant denies same.

125. The allegations in Paragraph 125 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 125 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

126. The allegations in Paragraph 126 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 126 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

127. The allegations in Paragraph 127 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 127 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein. Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

**H.  Count Eight: Tortious Interference with a Contract.**

128. The allegations in Paragraph 128 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent this paragraph incorporates prior factual assertions, Counter-Defendant denies same.

129. The allegations in Paragraph 129 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 129 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein. Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

130. The allegations in Paragraph 130 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 130 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein. Counter-Defendant further denies that Counter-Plaintiff suffered any legally cognizable damages in the amount alleged or otherwise as a result of any conduct by Counter-Defendant.

## VIII.

## ATTORNEYS' FEES

131. The allegations in Paragraph 131 relate to legal questions to which no responsive pleading is required. Nevertheless, to the extent the allegations in Paragraph 131 involve factual assertions, Counter-Defendant specifically denies each and every allegation contained therein.

## IX.

## JURY DEMAND

132. The allegations in Paragraph 132 relate to legal questions to which no responsive pleading is required.

## X.

## [COUNTER-PLAINTIFF'S] PRAYER

133. The allegations in Section X relate to legal questions to which no responsive pleading is required.

## XI.

## COUNTER-DEFENDANT'S AFFIRMATIVE DEFENSES

134. Counter-Defendant asserts the following affirmative defenses as authorized by Rule 8(c) of the Federal Rules of Civil Procedure and reserves the right to amend his Answer based on information gained through discovery.

135. First Affirmative Defense: Justification. Counter-Defendant's actions were justified under the doctrine of necessity, which allows for conduct that prevents imminent harm to oneself or others. Counter-Defendant only restrained Counter-Plaintiff, without causing her harm, because she was intoxicated and tried to leave in her car. Counter-Defendant's actions were reasonable and necessary to prevent harm to Counter-Plaintiff, Counter-Defendant, and others.

136. Second Affirmative Defense: Consent. Counter-Plaintiff consented to Counter-Defendant's presence on her real property and use of her personal property. Counter-Plaintiff also consented to Counter-Defendant's use of her electronic devices and electronic accounts.

137. Third Affirmative Defense: Privilege Under the Doctrine of Self-Defense or Defense of Others. Counter-Defendant's actions in restraining Counter-Plaintiff when she was intoxicated and tried to drive intoxicated were reasonable and necessary to prevent harm to Counter-Plaintiff, Counter-Defendant, and others.

## XII.

## COUNTER-DEFENDANT'S PRAYER

Counter-Defendant prays that Counter-Plaintiff take nothing by her counterclaims and that he be awarded any and all other relief to which he is entitled.

Respectfully submitted,

**HUTCHERSON LAW PLLC**

/s/ Kenton J. Hutcherson
Kenton J. Hutcherson, Esq.
Texas Bar No. 24050798
kjh@hutchersonlaw.com
Hutcherson Law PLLC
3090 Nowitzki Way, Suite 300
Dallas, Texas 75219
Tel: (214) 443-4200
Fax: (214) 443-4210

**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2025, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing to the following CM/ECF participants:

Robert L. Rickman
Zachary T. Mayer
Wade L. McClure
G. Adrian Galvan
Mayer LLP
750 North Saint Paul Street, Suite 700
Dallas, Texas 75201
214.379.6900

Attorneys for Defendants

/s/ Kenton J. Hutcherson
Kenton J. Hutcherson